IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PARTNERS COFFEE COMPANY, LLC, )
                               )
        Plaintiff,             )
                               )
           vs.                 )      Civil Action No. 09-236
                               )
OCEANA SERVICES AND PRODUCTS   )
  COMPANY and JAMES S. GILSON, )
                               )
        Defendants.            )

## MEMORANDUM OPINION

Plaintiff Partners Coffee Company, LLC ("Partners") has filed a motion to voluntarily dismiss five of the remaining eight counts of its Third Amended Complaint against Oceana Services and Products Company and Anne C. Gilson, Executrix of the Estate of James S. Gilson (collectively, "Oceana.") (*See* Doc. No. 81.)  Oceana has filed a motion for a three-month extension in which to complete discovery in this matter, arguing that additional time is needed to conduct numerous third-party depositions and for expert analysis of certain data and evidence provided by Partners. (*See* Doc. No. 83.) For the reasons stated below, Plaintiff's motion is granted, without prejudice, and Defendants' motion is denied.

The facts of this case are well known to the parties and will not be reiterated here.  *See* Partners Coffee Co., LLC v. Oceana Servs. & Prods. Co., CA No. 09-236, 2009 U.S. Dist. LEXIS 113209

(W.D. Pa. Dec. 4, 2009).

## I. PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS CERTAIN CLAIMS

After several amendments, unsuccessful mediation, motions to dismiss the claims and counterclaims of this case, and almost a year of discovery, Partners filed a motion on April 16, 2010, stating that the "realities of this litigation," in particular, the death of Mr. Gilson, the principal of Oceana who had been intimately involved in the events giving rise to this suit, were such that it wished to voluntarily dismiss five of its remaining claims: conversion, violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, misappropriation of trade secrets, improper procurement of information, and trespass. Defendants promptly filed a response to that motion, arguing that while they did not object to dismissal of those claims, the dismissal should be with prejudice in order to preclude Plaintiff from raising them as a defense or setoff to Oceana's own breach of contract counterclaims. (Doc. No. 82.) They cite no authority for such a limitation. The proposed Order submitted by Partners does not state if the dismissal is to be with or without prejudice and Partners does not touch on that issue in its motion.

Since an answer has already been filed in this matter, we conclude dismissal of the claims would fall under Fed. R. Civ. P. 41(a)(2), which allows such dismissal at the plaintiff's request "on terms that the court considers proper." Such a decision is

within the sound discretion of the court. <u>Forest Serv. Emples. for
Envtl. Ethics v. United States Forest Serv.</u>, CA No. 08-323, 2009
U.S. Dist. LEXIS 40055, *8 (W.D. Pa. May 12, 2009.) As a general
matter, voluntary dismissal is without prejudice except "where it
would be inequitable or prejudicial to defendant." <u>Crooker v.
Wachovia Bank</u>, CA No. 09-2076, 2010 U.S. Dist. LEXIS 29337, *3
(E.D. Pa. Mar. 25, 2010) (internal quotation omitted); *see also* <u>In
re Paoli R.R. Yard PCB Litigation</u>, 916 F.2d 829, 863 (3rd Cir.
1990) (voluntary dismissal should be liberally granted "unless the
defendant will suffer some plain legal prejudice other than the
mere prospect of a second lawsuit.")

A court considers several factors in determining if the
dismissal should be with prejudice, i.e.,

    (1)  the excessive and duplicative expense of a second litigation;

    (2)  the effort and expense incurred by the defendant in preparing for trial;

    (3)  the extent to which the current suit has progressed;

    (4)  the plaintiff's diligence in bringing the motion to dismiss and explanation therefore; and

    (5)  the pendency of a dispositive motion by the non-moving party.

<u>Crooker</u>, <u>id.</u> at *4, *citing* <u>Dodge-Requpol, Inc. v. RB Rubber
Products, Inc.</u>, 585 F. Supp.2d 645, 652 (M.D. Pa. 2008).

Here, Defendants have expressed no concern about any of these
factors. There is no pending dispositive motion such as a motion

for summary judgment.  Plaintiff rationally bases its decision to voluntarily dismiss these claims on the fact that Mr. Gilson can not be deposed concerning any acts which, according to the Third Amended Complaint, he was alleged to have taken with regard to Partners' computer system.  While the current suit has been pending for over a year, discovery is not yet complete and Defendants, we assume, have not yet begun extensive preparations for trial.

Moreover, in its answer to the Third Amended Complaint, Oceana raises counterclaims for breach of the asset purchase agreement, breach of the consulting agreement, and piercing the company veil. (Doc. No. 80.)  In its answer, Partners pleads sixteen affirmative defenses, none of which appears, at least on the surface, to be based in any way on the facts or law related the claims Plaintiff seeks to voluntarily dismiss.  Thus, we find little chance that Partners would raise those claims as a defense or offset to Oceana's counterclaims.  Should it do so, nothing in this Order would preclude Defendants from raising the same argument again in the appropriate context.  In short, the <u>Crooker</u> factors do not apply and Defendants' reason for seeking dismissal with prejudice is unpersuasive.  We discern no obvious legal prejudice to Oceana if the claims are dismissed without prejudice.  An appropriate Order follows.

## II.  DEFENDANTS' MOTION FOR EXTENSION OF DISCOVERY

A case management order entered on July 22, 2009, directed the

parties to complete fact discovery by November 16, 2009, and expert discovery and depositions by February 16, 2010, both dates being those recommended by the parties in their Rule 26(f) report. (Doc. Nos. 32 and 24.) After the Court was advised on October 3, 2009, that Mr. Gilson had died, fact discovery was extended until February 16, 2010, at Defendants' request and with Plaintiff's consent.[1] (Doc. Nos. 45-47.)

Oceana then asked for a second extension on December 2, 2009, citing two reasons. First, pursuant to document requests, Plaintiff had provided more than 20,000 pages which needed to be organized and Defendants expected even more documents to be forthcoming. Second, counsel for Defendants anticipated being in trial in January. Defendants sought three more months to complete discovery, that is, until May 16, 2010. Again, Plaintiff consented and the Court granted the extension. (Doc. Nos. 56 and 58.)

Defendants now argue that they need three additional months to complete discovery, i.e., until August 16, 2010, because: (1) they have noticed nine third-party depositions for the week of May 10, 2010; (2) it is likely they will require additional third party depositions, e.g., those of financial institutions, coffee traders, customers, and/or companies involved in repair or replacement of

---

[1] Defendants assert in their reply brief that Plaintiff's sought to stay the case indefinitely at this point. (Doc. No. 88 at 5.) That suggestion may have been made between the parties, but no motion to stay was filed with the Court.

allegedly defective equipment; (3) Defendants intend to file a motion to consolidate this case with a companion case, <u>Oceana v. Hometown Coffee</u>, CA No. 10-45;[2] and (4) after they have "fleshed out" Partners' claims through depositions of its corporate designees (scheduled to take place between April 26 and April 30, 2010), they will need time for a forensic accountant and certified fraud examiner to review the depositions and conduct a fraud examination.[3]

The Court concludes a further extension of discovery in this matter is not only unnecessary but would be prejudicial to Partners. First, through a combination of successful motions to dismiss by both parties and the voluntary dismissal of Partners' remaining tort claims, this case is focused almost entirely on the events surrounding the formation and alleged breaches of the contracts between the parties, a far more limited scope than when suit was originally filed. Second, Oceana has had the bulk of Plaintiff's written discovery since at least December 2, 2009, which presumably disclosed the identities of the numerous parties they now seek to depose, but they offer no reason why those

---

[2]   This argument will be addressed in a separate order of Court.

[3]   Oceana also states that Partners has refused to produce responsive documents based on "its then-pending motion to dismiss the piercing the veil claim raised by Defendants" and "has not produced documents previously objected to based on its pending motion to dismiss." (Doc. No. 83, ¶ 2.) Defendants have not filed a motion to compel production of the "responsive documents" and the Court is at a loss to understand these statements.

depositions have been delayed until the eleventh hour. Third, following a status conference on March 18, 2010, the Court directed Defendants to acquire certain documents they sought by means of depositions rather than through broad-ranging interrogatories, but there is no evidence Defendants took or attempted to take the deposition of any person until April 15-16, almost a month later. Fourth, the Court is not inclined to delay this matter on the mere possibility that this case may be consolidated with Oceana v. Hometown Coffee. Based on the Amended Complaint in that case, it appears discovery should properly focus on the relationships among Hometown Coffee, Partners, and Mr. Kazas, not the events giving rise to the breach of contract claims and fraud herein.[4] Fifth, the additional extension of discovery would mean this relatively simple case – which has been drastically reduced in scope since it was first filed and answered – will have been in discovery for more than fifteen months. Finally, we find no reason why Defendants' forensic accountant and fraud examiner cannot perform their work after May 16, 2010, since the case management order in this matter already provides additional time after the close of fact discovery for experts to prepare their reports and to be deposed.

As Plaintiff states succinctly, enough is enough. The Court

---

[4] Oceana apparently concedes that its counterclaim to pierce Partners' company veil in this case is duplicative of the claims brought in Oceana v. Hometown Coffee. (See Doc. No. 88 at 5-6.)

concludes that although Defendants' motion for an extension of time to complete discovery is timely, it is not based on good cause. Oceana identifies no extraordinary circumstances or even circumstances beyond its control that compel this request. Therefore, the Court denies the motion seeking a third extension for completion of discovery.  An appropriate Order follows.

April __28__ , 2010                    _William L. Standish_
                                       William L. Standish
                                       United States District Judge

8